IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FURGUSON RECEIVABLES, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>THOMPSON'S WATERPROOFING, LLC.<br>and TROY L. THOMPSON,<br><br>      Defendant | NO: 13-4745 |

**DEFENDANTS, THOMPSON'S WATERPROOFING, LLC AND
TROY L. THOMPSON'S, ANSWER TO PLAINTIFF'S COMPLAINT**

AND NOW, come Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON, (collectively referred to as "Defendants") by and through their counsel, Charles Laputka, Esq. and respectfully files the following Answer to Plaintiff's Complaint and avers as follows:

1. Admitted.

2. Admitted.

3. Denied. Defendant, Troy L. Thompson does not reside at the location Plaintiff avers.

**JURISDICTION**

4. Admitted.

5. Admitted.

6. Admitted.

**FACTS**

7. Admitted.

8. Denied. Defendants are without the knowledge, information or belief to form an opinion as to the truth in the averments contained in Plaintiff's paragraph 8 and no proof has

been offered in Plaintiff's Complaint.  Same is therefore denied and strict proof is demanded at the time of trial.

       9.     Admitted in part and Denied in part.  It is admitted that items such as described were purchased.  However, it is denied whether some or all were purchased pursuant to the agreement and that some or all have not been paid for.  Strict proof is demanded at the time of trial.

       10.     Denied.  The allegations in the corresponding paragraph state a legal conclusion to which no response is required.  By way of further response, the allegations in the corresponding paragraph pertain to a writing that speaks for itself and therefore no further response is required hereto.  To the extent that the allegations in the correspondence deviate from said writing, said allegations are denied and strict proof to the contrary is demanded at the time of trial.

       11.     Denied.  Defendant, Thompson, has only guaranteed amounts owed pursuant to the credit application.

       12.     Denied.  Defendants are without the specific knowledge to form an opinion as to the amounts claimed in Plaintiff's paragraph 12.  Same is therefore denied and strict proof is demanded at the time of trial.

       13.     Denied.  Defendants have attempted to determine the amounts owed and to make agreed payment arrangements which have been refused by Plaintiff.

**COUNT I**
**BREACH OF CONTRACT**

       14.     Defendants hereby incorporate by reference the foregoing paragraphs 1 through 13 as if fully stated herein.

       15.     Admitted in part and denied in part.  It is Denied that Defendants purchased equipment and materials from Ferguson Receivables, Inc.  Further, Defendants believe the amounts invoiced are not accurate.  Same is therefore denied and strict proof is demanded at the time of trial.

       16.     Denied.  Defendants have attempted to determine the amounts owed and to make payment arrangements which have been refused by Plaintiff.

       WHEREFORE, Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON, respectfully request this Honorable Court enter Judgment in their favor dismissing Plaintiff's Complaint and Action with Prejudice.

## COUNT II
## ACCOUNT STATED

17.   Defendants hereby incorporate by reference the foregoing paragraphs 1 through 16 as if fully stated herein.

18.   Admitted.

19.   Denied.  Defendants are without the knowledge, information or belief to form an opinion as to the truth in the averments claimed in Plaintiff's paragraph 19.  Same are therefore denied and strict proof is demanded at the time of trial.

20.   Denied.  Defendants have requested an accounting of fees and a payment plan for the proper amounts owed.  Strict proof to the contrary is demanded at the time of trial.

21.   Admitted.

22.   Denied.  Defendants continued to purchase products from Ferguson Receivables, Inc. because equipment and materials were needed to complete scheduled work regardless of any prior invoicing errors.

23.   Denied.  Defendants are without the knowledge, information or belief to form an opinion as to the truth of the averments claimed in Plaintiff's paragraph 23.  By way of further response, Paragraph 23 of Plaintiff's complaint constitutes a conclusion of law to which no response is required.  To the extent a response to Plaintiff's paragraph 23 is deemed to be required, same is denied.  Strict proof to the contrary is demanded at the time of trial.

24.   Denied.  Paragraph 24 of Plaintiff's complaint constitutes a conclusion of law to which no response is required.  To the extent a response to Plaintiff's paragraph 24 is deemed to be required, same is denied.  Strict proof to the contrary is demanded at the time of trial.

WHEREFORE, Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON, respectfully request this Honorable Court enter Judgment in their favor dismissing Plaintiff's Complaint and Action with Prejudice.

## COUNT III
## UNJUST ENRICHMENT

25.   Defendants hereby incorporate by reference the foregoing paragraphs 1 through 24 as if fully stated herein.

26.   Denied.  Paragraph 26 of Plaintiff's complaint constitutes a conclusion of law to which no response is required.  To the extent a response to Plaintiff's paragraph 26 is deemed to be required, same is denied.  Strict proof to the contrary is demanded at the time of trial.

27. Denied. Paragraph 27 of Plaintiff's complaint constitutes a conclusion of law to which no response is required. To the extent a response to Plaintiff's paragraph 27 is deemed to be required, same is denied. Strict proof to the contrary is demanded at the time of trial.

28. Denied. Paragraph 28 of Plaintiff's complaint constitutes a conclusion of law to which no response is required. To the extent a response to Plaintiff's paragraph 28 is deemed to be required, same is denied. Strict proof to the contrary is demanded at the time of trial.

29. Denied. Defendants have attempted to determine the amounts owed and to make payment arrangements which have been refused by Plaintiff.

30. Denied. Paragraph 30 of Plaintiff's complaint constitutes a conclusion of law to which no response is required. To the extent a response to Plaintiff's paragraph 30 is deemed to be required, same is denied. Strict proof to the contrary is demanded at the time of trial.

WHEREFORE, Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON, respectfully request this Honorable Court enter Judgment in their favor dismissing Plaintiff's Complaint and Action with Prejudice.

## COUNT IV
## BREACH OF CONTRACT

31. Defendants hereby incorporate by reference the foregoing paragraphs 1 through 30 as if fully stated herein.

32. Admitted.

33. Denied. Paragraph 33 of Plaintiff's complaint constitutes a conclusion of law to which no response is required. To the extent a response to Plaintiff's paragraph 33 is deemed to be required, same is denied. Strict proof to the contrary is demanded at the time of trial.

34. Denied. Paragraph 34 of Plaintiff's complaint constitutes a conclusion of law to which no response is required. To the extent a response to Plaintiff's paragraph 34 is deemed to be required, same is denied. Strict proof to the contrary is demanded at the time of trial.

35. Denied. Paragraph 35 of Plaintiff's complaint constitutes a conclusion of law to which no response is required. To the extent a response to Plaintiff's paragraph 35 is deemed to be required, same is denied. Strict proof to the contrary is demanded at the time of trial.

WHEREFORE, Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON, respectfully request this Honorable Court enter Judgment in their favor dismissing Plaintiff's Complaint and Action with Prejudice.

## **NEW MATTER - AFFIRMATIVE DEFENSES**

36. Defendants hereby incorporate by reference the foregoing paragraphs 1 through 35 as if fully stated herein.

37. Plaintiffs' claims are barred pursuant to the Doctrine of Accord and Satisfaction.

38. Plaintiff's claims fail for lack of standing to bring the present suit as named Plaintiff has failed to sufficiently plead any right to collect funds from Defendants or hold any encumbrance against the property of Defendants.

39. Plaintiff's claims are barred for failure to state a claim on which relief may be granted.

WHEREFORE, Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON, respectfully requests this Honorable Court enter Judgment in their favor and further dismiss Plaintiff's Complaint and Action with Prejudice.


                  By: /s/ *Charles Laputka, Esquire*
                        Charles Laputka, Esquire
                        Attorney for Defendant
                        Atty. I.D. No: 91984
                        1344 W. Hamilton St.
                        Allentown PA 18102
                        Phone: (610) 477-0155
                        Facsimile: (484) 350-3581

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FURGUSON RECEIVABLES, LLC, | NO: 13-4745 |
| Plaintiff, | |
| vs. | |
| THOMPSON'S WATERPROOFING, LLC. and TROY L. THOMPSON, | |
| Defendant | |

## **VERIFICATION**

    I, Charles Laputka, Esquire, hereby state and verify that the Verification of Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON, cannot be obtained within the time allowed for filing of the Answer and New Matter to Plaintiff's Complaint. Therefore, pursuant to Pa.R.C.P. 1024, I am authorized to make the Verification on behalf of the Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON, and the facts set forth in the foregoing Answer and New Matter to Plaintiff's Complaint are true and correct based upon my knowledge, belief and information provided to me by Defendants, THOMPSON'S WATERPROOFING, LLC and TROY L. THOMPSON.

    I understand that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: October 29, 2013                                   /s/ *Charles Laputka, Esquire*
                                                                                CHARLES LAPUTKA, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FURGUSON RECEIVABLES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMPSON'S WATERPROOFING, LLC.<br>and TROY L. THOMPSON,<br><br>    Defendant | NO: 13-4745 |

## CERTIFICATE OF SERVICE

I, Charles Laputka, Esquire, hereby verify that I served a true and correct copy of the Defendant's Answer to Plaintiffs' Complaint on October 29th, 2013, via electronic delivery through the U.S. District Court's ECF system upon:

Jonathan P. Rardin, Esquire
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393
Fax: 215-963-9999

Date: October 29, 2013                    /s/ *Charles Laputka, Esquire*
                                          CHARLES LAPUTKA, ESQUIRE
                                          Attorney for Defendant
                                          Attorney ID NO: 91984
                                          1344 W. Hamilton Street
                                          Allentown, PA 18102
                                          610-477-0155